ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

JANE E. MCLAUGHLIN
Arizona State Bar No. 015632
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
Jane.McLaughlin@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>     v.<br><br>Michael Lee White,<br><br>           Defendant. | CR 10-0821-006-PHX-NVW<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT WHITE'S OBJECTIONS TO PRESENTENCE REPORT AND GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States, by and through undersigned counsel, hereby responds to Defendant Michael White's Sentencing Memorandum and Objections to Presentence Report [Doc. # 187]. The United States also respectfully offers its recommendation that the Court accept the plea agreement and the recommendation of the Presentence Report (PSR) writer, and sentence the defendant in accordance therewith.

**Defendant's Objections to the Presentence Report**

1. <u>Security Threat Group Designation</u>: The United States takes no position with respect to this objection. As the Court no doubt remembers from prior government pleadings in the case, the United States' position is and has been that the defendant is a member of the Grape Street Crips, a Los Angeles-based street gang. Nevertheless, the United States agrees with Defendant White's counsel that there are no indications in the evidence that any of the crimes at issue in this investigation were in any way gang-related. As a consequence, and because it would not have any material effect on the stipulated and recommended sentence, the government takes no position on this issue.

2. <u>Paragraphs Regarding Potential Upward Departures</u>: The United States respectfully takes no position regarding the inclusion of paragraphs 124, 125 and 126 in the PSR, which discuss the potential for upward departures based on understated criminal history or dismissed conduct.

3. <u>Criminal History Calculation for 2002 Drug Conviction</u>: The United States respectfully agrees with the probation officer's application in paragraph 68 of the PSR of three criminal history points for this offense pursuant to U.S.S.G. § 4A1.2(k)(1).

**Government's Sentencing Recommendation**

The United States respectfully recommends that the Court accept the plea agreement, and sentence the defendant in accordance with it. The government also supports the further recommendations in the PSR, particularly the recommendation for a five-year term of supervised release. The government believes that the 84-month sentence will adequately account for the defendant's criminal conduct, as well as provide just punishment and adequate deterrence to him, because it will be the longest sentence he has yet served, and will render him susceptible to career offender-type sentencing in both federal and California courts for any future offenses.

This defendant's participation in the overall length and scope of the conspiracy which had been charged in the indictment in this matter was limited both in time (his membership is believed to have commenced sometime after his release from incarceration on the drug conviction described in paragraph 68 of the PSR), and in scope (it is believed his participation principally involved investing comparatively small amounts of money into the large quantities of marijuana being purchased by other conspirators, sometimes acquiring some of that marijuana to re-sell, and relaying the instructions of other conspirators as to amounts of marijuana and/or marijuana proceeds to be transported and distributed amongst the conspirators). As such, his participation was notably less than several of the charged co-defendants. The contemplated sentence would also not be inconsistent with nor disparate from the sentences imposed in the related cases discussed on page 1a of the PSR.

The defendant's criminal history is of obvious concern. The government notes, however, the indications of a decline in the nature and seriousness of the defendant's criminal behavior

in the past decade, and also that he will be approximately fifty years of age upon his release, which may contribute to a decrease in his risk of further criminal conduct. In any event, the government believes the requested sentence will be sufficient to serve the goals and purposes of sentencing, taking into account the defendant's conduct, history, age and characteristics. The recommended five-year term of supervised release is also warranted to increase the likelihood of the defendant's successful transition to a law-abiding lifestyle following his incarceration.

For the foregoing reasons, the United States respectfully recommends that the Court accept the plea agreement and sentence the defendant in accordance with it, and with the PSR.

Respectfully submitted this 12th day of September, 2011.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

*s/ Jane E. McLaughlin*

JANE E. MCLAUGHLIN
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a copy to the following CM/ECF registrant(s):

Michael Severo, Esq.
Attorney for Defendant White

By: *s/ Jane E. McLaughlin*