| ___ FILED   X LODGED | X FILED   ___ LODGED |
| ___ RECEIVED   ___ COPY | ___ RECEIVED   ___ COPY |
| **JUN 1 3 2011** | **SEP 1 3 2011** |
| CLERK U S DISTRICT COURT | CLERK U S DISTRICT COURT |
| DISTRICT OF ARIZONA | DISTRICT OF ARIZONA |
| BY_____ DEPUTY | BY_____ DEPUTY |

1  DENNIS K. BURKE
   United States Attorney
2  District of Arizona

   JANE E. MCLAUGHLIN
3  Arizona State Bar No. 015632
   Assistant U.S. Attorney
4  Two Renaissance Square
   40 North Central Avenue, Suite 1200
   Phoenix, Arizona 85004
5  Telephone: (602) 514-7500
   jane.mclaughlin@usdoj.gov

6                    UNITED STATES DISTRICT COURT

7                          DISTRICT OF ARIZONA

8

9  United States of America,                    CR 10-0821-006-PHX-NVW

                              Plaintiff,
10            v.                                  **PLEA AGREEMENT**

11 Michael Lee White,
   a.k.a.: Skip
12
                              Defendant.
13

14      Plaintiff, United States of America, and the defendant, MICHAEL LEE WHITE, hereby

15 agree to dispose of this matter on the following terms and conditions:

16 **1.   PLEA**

17      Defendant will plead guilty to an Information charging the defendant with Possession

18 with Intent to Distribute 100 kilograms or more of a mixture and substance containing a

19 detectable amount of marijuana, a Schedule I controlled substance, a violation of Title 21,

20 United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii), and Title 18, United States Code,

21 Section 2, a Class B felony offense.

22 **2.   MAXIMUM PENALTIES**

23      a.   Count 1 of the Information is punishable by a minimum mandatory term of

24 imprisonment of five years, a maximum term of imprisonment of 40 years, a maximum fine of

25 $5,000,000, or both, and a term of supervised release of no less than four years.

26      b.   According to the Sentencing Guidelines issued pursuant to the Sentencing Reform

27 Act of 1984, the Court shall order the defendant to:

28           (1)   make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663

1  and/or 3663A, unless the Court determines that restitution would not be appropriate;

2         (2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine

3  is not appropriate;

4         (3)    serve a term of supervised release when required by statute or when a

5  sentence of imprisonment of more than one year is imposed (with the understanding that the

6  Court may impose a term of supervised release in all other cases); and

7         (4)    pay upon conviction a $100.00 special assessment for each count to which

8  the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

9         c.    The Court is required to consider the Sentencing Guidelines in determining the

10  defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free

11  to exercise its discretion to impose any reasonable sentence up to the maximum set by statute

12  for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

13         d.    The defendant understands and acknowledges that conviction of Count 1 of the

14  Information may result in the defendant and the defendant's immediate family members losing

15  eligibility for certain Welfare, Food Stamp, Social Security and other federal benefits pursuant

16  to Title 21, United States Code, Sections 862 and 862a.

17  **3.    AGREEMENTS REGARDING SENTENCING**

18         a.    Acceptance of Responsibility.  ~~If the defendant makes full and complete disclo-~~

19  ~~sure to the U.S. Probation Office of the circumstances surrounding the defendant's commission~~

20  ~~of the offense(s), and~~ If the defendant demonstrates an acceptance of responsibility for the

21  offense(s) up to and including the time of sentencing, the United States will recommend a two-

22  level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. §

23  3E1.1(a).  If the defendant has a base offense level of 16 or more, the United States will

24  recommend an additional one-level reduction in the applicable Sentencing Guidelines offense

25  level pursuant to U.S.S.G. § 3E1.1(b).  The defendant understands that the Court is not required

26  to follow this recommendation.

27         b.    Quantity of Controlled Substance.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and

28  Guidelines § 6B1.4, the parties stipulate that for purposes of determining the advisory

2

1   Sentencing Guidelines range applicable in this case, the quantity of mixture or substance

2   containing a detectable amount of marijuana that the defendant ~~conspired to~~ possess with intent

3   to distribute was at least 100 kilograms but less than 400 kilograms (Level 26 under Guidelines

4   § 2D1.1), and that this is the relevant conduct for which the defendant is responsible pursuant

5   to Guidelines § 1B1.3(a).  The parties agree that if the Court rejects this stipulation for any

6   reason, each party will have the opportunity to withdraw from the plea agreement.  Should this

7   case, for any reason, proceed to trial, neither party shall be bound by this stipulation with regard

8   to the amount of drugs attributable to the defendant or to the charged conspiracies in the

9   Indictment.

10          c.      <u>Stipulated Sentence</u>.  Because the parties agree that calculation of the defendant's

11   Criminal History Category under the advisory Sentencing Guidelines is too complex to allow

12   for a reasonable degree of precision in advance of the preparation of a Presentence Report, and

13   in consideration of the complex nature of the the evidence and circumstances of this case, parties

14   stipulate and agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that, notwithstanding the applicable

15   advisory Sentencing Guidelines range determined at sentencing, the defendant shall receive a

16   sentence which includes a term of incarceration in the Bureau of Prisons of 84 months (seven

17   years).  The parties understand and agree that if the Court rejects this stipulation for any reason,

18   each party will have the opportunity to withdraw from the plea agreement.

19   **5.     AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

20          a.      Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall move to dismiss

21   the following allegations at the time of sentencing: Counts 1, 2 and 3 of the Indictment filed in

22   this matter on June 16, 2010.  The United States further agrees not to allege, pursuant to 21

23   U.S.C. § 851, that the defendant's sentence for Count 1 of the Information should be enhanced

24   by the defendant's prior conviction for a felony drug offense in the Superior Court of California,

25   San Bernardino County Cause No. FWV025691.

26          b.      This agreement does not, in any manner, restrict the actions of the United States

27   in any other district or bind any other United States Attorney's Office or state agency.

28          c.      The United States Attorney's Office for the District of Arizona is not presently

1  aware of any other federal or state investigations or charges involving the defendant.

2  **6.      COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

3  If the Court, after reviewing this plea agreement, concludes that any provision contained

4  herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity

5  to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

6  If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or

7  reversed at any time, this agreement shall be null and void, the United States shall be free to

8  prosecute the defendant for all crimes of which it then has knowledge and any charges that have

9  been dismissed because of this plea agreement shall automatically be reinstated.  In such event,

10  the defendant waives any and all objections, motions, and defenses based upon the Statute of

11  Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or

12  proceedings.  The defendant understands that any statements made at the time of the defendant's

13  change of plea or sentencing may be used against the defendant in any subsequent hearing, trial,

14  or proceeding subject to the limitations of Fed. R. Evid. 410.

15  **7.      WAIVER OF DEFENSES AND APPEAL RIGHTS**

16  Providing the defendant's sentence is consistent with this agreement, the defendant

17  waives (1) any and all motions, defenses, probable cause determinations, and objections that the

18  defendant could assert to the Information or Indictment; and (2) any right to file an appeal, any

19  collateral attack, and any other writ or motion that challenges the conviction, an order of

20  restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the

21  defendant's sentence, including the manner in which the sentence is determined, including but

22  not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. §§ 2241 and

23  2255.  The defendant acknowledges that if the Court has sentenced the defendant according to

24  the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral

25  attack, or other motion the defendant might file challenging the conviction, order of restitution

26  or forfeiture, or sentence in this case.

27  //

28  //

4

**8.** **DISCLOSURE OF INFORMATION**

    a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

    b.    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

    c.    The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

        (1)    criminal convictions, history of drug abuse, and mental illness; and

        (2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**9.** **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

    a.    The defendant agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853, all the defendant's right, title, and interest in, and hereby withdraws any claim to, the following (hereafter referred to collectively as the "Property"):

        (1)    a 2007 Ferrari 612 Scaglietti bearing Vehicle Identification Number ZFFJB54A570157100;

        (2)    a 2006 Maserati Quattroporte bearing Vehicle Identification Number ZAMCE39A260021531;

        (3)    a 2003 Range Rover Land Rover 4.4 bearing Vehicle Identification Number SALME11423A125535;

        (4)    a 2002 Mercedes G500 bearing Vehicle Identification Number WDCYR49E12X129044;

        (5)    a 2005 Ford F-150 Lariat truck bearing Vehicle Identification Number 1FTPWX12535FA47603;

        (6)    one-half of one percent of the outstanding shares of Olympian Cruises, LLC issued to Rickey L. Colley Jr., now reissued in the name of the United States of America;

1         (7)  all that lot or parcel of land, together with its buildings, appurtenances,

2    improvements, fixtures, attachments and easements, located at 6348 Century Park Place SE,

3    Mableton, Georgia;

4         (8)  two Western Union postal money orders numbered 14-126849515 and

5    14-126849516, each in the amount of $500.00, seized from 6348 Century Park Place, Mableton,

6    Georgia, on or about June 23, 2010;

7         (9)  $5,660.00 in United States currency seized from 6348 Century Park Place,

8    Mableton, Georgia, on or about June 23, 2010, which was subsequently converted into Bank of

9    America cashier's check number 1825598;

10        (10)  a women's gold bracelet with multiple colored stones seized from 6348

11    Century Park Place, Mableton, Georgia, on or about June 23, 2010;

12        (11)  a Breitling Bentley Motors Special Edition watch with serial number A25362

13    and a Techno Marine black-and-silver-triangle watch with serial number MR01065, each seized

14    from 600 South Spring Street, Penthouse #4, Los Angeles, California on or about July 1, 2010;

15        (12)  a 2006 BMW 750 LI sedan bearing Vehicle Identification Number

16    WBAHN83546DT27641, seized by the Drug Enforcement Administration at or near 19976 San

17    Luis Rey Lane, Riverside, California, on or about June 23, 2010;

18        (13)  a 2009 Chevrolet Express RV G1500 van bearing Vehicle Identification

19    Number 1GBFG154991128479, seized by the Drug Enforcement Administration at or near

20    19976 San Luis Rey Lane, Riverside, California, on or about June 23, 2010;

21        (14)  a 2006 Infiniti G35 sedan bearing Vehicle Identification Number

22    JNKCV54E96M715098, seized by the Drug Enforcement Administration at or near 19976 San

23    Luis Rey Lane, Riverside, California, on or about June 23, 2010; and

24        (15)  approximately $34,400.00 in U.S. currency seized on or about July 16, 2010

25    by the Drug Enforcement Administration from within the Infiniti sedan described in

26    subparagraph (14) hereof.

27       b.    The defendant agrees to fully assist the government in the forfeiture of the Property

28    and to take whatever steps are necessary to pass clear title to the United States, including, but

6

not limited to, surrendering title and executing any documents necessary to transfer the defendant's interest in any of the Property to the United States.

c. The defendant consents to the entry of a preliminary order of forfeiture of the Property prior to sentencing and a final order of forfeiture of the Property at the later of the sentencing and judgment or after the conclusion of any ancillary proceedings. At the time of the entry of the Court's final judgment, any preliminary order of forfeiture shall automatically be made final and be incorporated into the sentence and judgment.

d. The defendant waives the requirements of Federal Rules of Criminal Procedure 7(c)(2), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, to the extent such rules may apply to any of the Property.

e. Defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure, storage, forfeiture and/or disposal of property covered by this agreement.

f. The abandonment, administrative forfeiture, or judicial forfeiture (civil or criminal) of the defendant's right, title, and interest in any property shall not now or in the future be treated as satisfaction of any assessment, fine, restitution, cost of investigation or imprisonment, or any other penalty that the Court may impose upon the defendant in addition to forfeiture.

g. Nothing in this agreement shall prevent the United States from instituting civil, judicial or administrative forfeiture proceedings against any additional forfeitable assets in which the defendant has an interest. Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

h. Defendant agrees not to file a claim or assist others in filing a claim to any of the Property in any criminal or civil proceeding, administrative or judicial, which may be initiated and agrees to abandon any claims already made in such proceedings.

i. Defendant understands and agrees that, by virtue of defendant's plea of guilty, defendant will waive any rights or cause of action that defendant might otherwise have had to

1   claim that defendant is a "substantially prevailing party" for the purpose of recovery of attorney

2   fees and other litigation costs in any related civil forfeiture proceeding.

3          j.      The defendant acknowledges and agrees that the forfeiture of assets is part of the

4   sentence that may be imposed in this case and waives any failure by the court to advise the

5   defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

6          k.      The defendant knowingly and voluntarily agrees to waive all constitutional, legal,

7   and equitable defenses in any proceedings concerning the Property (including direct appeal,

8   habeas corpus, or any other means), including, but not limited to, any constitutional or statutory

9   double jeopardy defense or claim and any claim or defense under the Eighth Amendment to the

10  United States Constitution.

11         l.      Prior to sentencing, the defendant agrees to make a full and complete disclosure

12  to the government of all assets of any kind whatsoever in which the defendant has any legal or

13  equitable interest or over which the defendant exercises control, including those which are held

14  or controlled by one or more nominees.   The defendant represents and warrants to the

15  government, and acknowledges and agrees that as a result of the defendant's acts or omissions,

16  the defendant has no direct or indirect interest, whether held in the defendant's name or in the

17  name of another, in any property or asset that would be subject to forfeiture on the basis of the

18  violation covered by this plea agreement, because such forfeitable property (1) cannot be located

19  upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third

20  party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially

21  diminished in value; or (5) has been commingled with other property which cannot be divided

22  without difficulty. As a result and pursuant to 21 U.S.C. § 853(p), the defendant acknowledges

23  and agrees that the United States shall be entitled to seek forfeiture of any other property of the

24  defendant up to the value of the Property (to the maximum amount of one million dollars), and

25  that the forfeiture of such other property shall be subject to the terms, conditions, waivers and

26  other provisions of this plea agreement. The defendant understands and acknowledges that the

27  government is relying upon the foregoing representations of the defendant in entering into this

28  plea agreement. If those representations are false or inaccurate in any way, the government may

1  pursue any and all forfeiture remedies available in addition to any remedies available under this

2  agreement or by law.

3  **10.     ELEMENTS**

4  **Possession of a Controlled Substance with Intent to Distribute**

5  On or between about March 3, 2008 and March 4, 2008, in the District of Arizona:

6  (a)      The defendant, or another person whom the defendant was aiding and abetting,

7  knowingly possessed a controlled substance;

8  (b)      The defendant, or another person whom the defendant was aiding and abetting,

9  possessed the controlled substance with the intent to distribute it to another

10  person; and

11  (c)      The controlled substance in question was over 100 kilograms of marijuana.

12  The defendant understands that conviction of aiding and abetting a crime requires proof

13  that before the crime was completed, the defendant knowingly and intentionally aided,

14  counseled, commanded, induced or procured another person to commit the crime.

15  **11.     FACTUAL BASIS**

16  The defendant admits that the following facts are true and that if this matter were to

17  proceed to trial the United States could prove the following facts beyond a reasonable doubt:

18  Between approximately March 3 and March 4, 2008, in the District of Arizona,

19  I, MICHAEL LEE WHITE, possessed over 100 kilograms of marijuana with the

20  intent to distribute it.  This occurred when I invested money into the purchase of

21  approximately 398 kilograms of marijuana that was seized by law enforcement from

22  a residence at 8339 West Highland, Phoenix, Arizona.  I intended to re-sell my

23  portion of this marijuana to third parties for a profit after acquiring it.

24  The defendant shall swear under oath to the accuracy of this statement and, if the

25  defendant should be called upon to testify about this matter in the future, any intentional material

26  inconsistencies in the defendant's testimony may subject the defendant to additional penalties

27  for perjury or false swearing, which may be enforced by the United States under this agreement.

28

9

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement contains all the terms and conditions of the plea. I further agree that promises, including any predictions as to the Sentencing Guidelines range or to any Sentencing Guidelines factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using

10

or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.


13-06-2011                    _Michael 3White_____
Date                          MICHAEL LEE WHITE
                              Defendant


### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.


6/13/2011                     _____
Date                          MICHAEL V. SEVERO
                              Attorney for Defendant

//
//
//
//
//
//

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

DENNIS K. BURKE
United States Attorney
District of Arizona

6 - 13 - 11
Date

JANE E. MCLAUGHLIN
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

9 . 13 - 11
Date

HONORABLE NEIL V. WAKE
United States District Judge